983 F.2d 1086
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
WANG LABORATORIES, INC., Plaintiff-Appellee,
v.
CLEARPOINT RESEARCH CORPORATION, Defendant-Appellant.
 No. 93-1001.
 United States Court of Appeals, Federal Circuit.
 Oct. 21, 1992.
 
 Before ARCHER, Circuit Judge, BENNETT, Senior Circuit Judge, and SCHALL, Circuit Judge.
 ARCHER, Circuit Judge.
 
 ORDER
 
 1
 Clearpoint Research Corporation moves for a stay, pending appeal, of the preliminary injunction issued by the United States District Court for the District of Massachusetts on September 25, 1992. Wang Laboratories, Inc. opposes.
 
 
 2
 This matter stems from Wang's suit against Clearpoint for patent infringement of the claims of two of Wang's patents relating to single in-line memory modules (SIMMs). On September 25, 1992 the district court held a short hearing on Wang's motion for a preliminary injunction. At the hearing, each party was permitted to present one expert on the issue of infringement.* At the conclusion, the district court stated:
 
 
 3
 I have to make judgments about witnesses and the weight their testimony is to be given. In that regard, I have to consider their general credibility, reliability and objectivity. I don't make a great distinction between these two eminent scientists, these two engineers, but generally I must say that the testimony of Doctor Jeffery Frey [Wang's expert] impressed me more, probably because he has been better prepared.
 
 
 4
 The district court then stated in a conclusory manner that the Clearpoint SIMMs infringed under the doctrine of equivalents. With regard to harm to Wang, the district court stated that, in view of the finding of likelihood of infringement, irreparable harm was presumed. The district court did not allow any testimony with regard to the "harm" factors, and made no findings or conclusions with regard to Clearpoint's harm.
 
 
 5
 A district court is required to set forth findings of fact and conclusions of law when granting or denying a motion for a preliminary injunction. Fed.R.Civ.P. 52(a). Sufficient findings and conclusions are necessary to allow an appellate court to have a basis for meaningful review. Nutrition 21 v. United States, 930 F.2d 867, 869 (Fed.Cir.1991); Digital Equipment Corp. v. Emulex Corp., 805 F.2d 380, 381 (Fed.Cir.1986). Here, the district court failed to set forth sufficient reasons for issuance of the injunction.
 
 
 6
 With regard to the applicability of the "presumption of irreparable harm" in the preliminary injunction context, this matter was recently addressed by the court in Nutrition 21, 930 F.2d at 871. The district court here stated that the presumption applied and failed to address the matter in view of Nutrition 21. Further, the district court was required to address the harm to Clearpoint. Indeed, on a motion to stay a preliminary injunction, pending appeal, one of the most important factors for this court to consider is irreparable harm to movant. See Standard Havens Products v. Gencor Industries, 897 F.2d 511 (Fed.Cir.1990). Finally, the district court's findings and conclusions with regard to likelihood of success were abbreviated and conclusory. Because of the failure of the district court to adequately set forth its reasons for issuance of the injunction, it is appropriate to vacate the injunction. Digital, 805 F.2d at 383.
 
 
 7
 Accordingly,
 
 IT IS ORDERED THAT:
 
 8
 (1) Clearpoint's motion for a stay is moot.
 
 
 9
 (2) The district court's September 25, 1992 injunction is vacated.
 
 
 
 *
 For purposes of the preliminary injunction, the validity of Wang's patents was not challenged